# EXHIBIT 1

State of Tennessee

# IN THE CHANCERY COURT FOR HAMILTON COUNTY

**SARA PRINCE,**
PLAINTIFF

VS.

**WORLD OF BEER and**
**ROCKY TOP 1, LLC.,**
DEFENDANT.

DOCKET NO. 15-0100
PART I

## SECOND
## SUMMONS

TO DEFENDANT:    World of Beer
Serve Manager on Duty
412 Market Street
Chattanooga, TN 37402

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this 2 day of April , 20 15.

ROBIN L. MILLER, CLERK & MASTER

By: _____
**DEPUTY CLERK & MASTER**

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**PLAINTIFF'S ATTORNEYS:**

Donna J. Mikel, Esq.
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121

2015 APR 10 PM 2: 23

FILED
HAMILTON COUNTY CLERK & MASTER

# SUMMONS RETURN

I received this summons on _B April 15_ . I certify and return that on _B April 15_ , I

☑ served this summons and a complaint on defendant, _Mgr. Billy Church_
(Printed Name of Defendant)

in the following manner:

_Hand Delivered_

☐ failed to serve this summons within thirty (30) days after its issuance because:

_Betty Rodgers_
Process Server Name (Printed)

_Betty Rodgers_
Process Server Signature

_1433 Williams Rd._
Address
_Hixson, Tn. 37343_

[Form 114, Rev 2008.01.22]

State of Tennessee

# IN THE CHANCERY COURT FOR HAMILTON COUNTY

SARA PRINCE,
PLAINTIFF

VS.

WORLD OF BEER and
ROCKY TOP 1, LLC.,
DEFENDANT.

DOCKET NO. 15-0100
PART I

## SECOND
## SUMMONS

TO DEFENDANT:    Rocky Top 1, LLC
Serve Manager on Duty
World of Beer
412 Market Street
Chattanooga, TN 37402

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this __2__ day of ___April___, 20 15.

ROBIN L. MILLER, CLERK & MASTER

By: _____

DEPUTY CLERK & MASTER

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a

**PLAINTIFF'S ATTORNEYS:**

Donna J. Mikel, Esq.
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121

2015 APR 10 PM 2: 23

FILED
HAMILTON CO. CLERK & MASTER

# SUMMONS RETURN

I received this summons on _8 April 15_ . I certify and return that on _8 April 15_ , I
(Date)                                                                    (Date)

☑ served this summons and a complaint on defendant, _Mgr. Billy Church_
                                                      (Printed Name of Defendant)

in the following manner:

_Hand delivered_

☐ failed to serve this summons within thirty (30) days after its issuance because:


_Bobby Badgers_                         _Bobby Rodgers_
Process Server Name (Printed)            Process Server Signature

            _1433 Williams Rd._
                    Address
            _Hixson, Tu. 37343_

State of Tennessee

## IN THE CHANCERY COURT FOR HAMILTON COUNTY

SARA PRINCE,
PLAINTIFF

vs.                                                    DOCKET NO. 15-0100
                                                       PART I

WORLD OF BEER and
ROCKY TOP 1, LLC.,
DEFENDANT.

<u>SECOND</u>
<u>SUMMONS</u>

TO DEFENDANT:     Rocky Top 1, LLC
                  Serve Manager on Duty
                  World of Beer
                  412 Market Street
                  Chattanooga, TN 37402

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 2 day of April , 20 15.

ROBIN L. MILLER, CLERK & MASTER

By: Wendi Sand
                  DEPUTY CLERK & MASTER

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to [...] you may wish to seek [...] of [...] lawyer.

PLAINTIFF'S ATTORNEYS:

Donna J. Mikel, Esq.
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121

# IN THE CHANCERY COURT OF TENNESSEE
## AT HAMILTON COUNTY

SARAH PRINCE,

      **Plaintiff**

vs.

WORLD OF BEER and ROCKY
TOP 1 LLC,

      **Defendants.**

    NO. 15-0100

    **JURY DEMAND**

---

## COMPLAINT

---

Plaintiff sues Defendants (hereinafter referred to as "Defendants") in the amount of $500,000 and shows the Court as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to T.C.A. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Act, providing for injunctive and other relief against sexual harassment and retaliation in employment and for actions in violation of Tennessee common law.

### II. NATURE OF PROCEEDING

2. This is a proceeding for back pay and benefits due Plaintiff; for injunctive relief requiring Defendants' reemployment of Plaintiff, free of unlawful circumstances; for compensatory damages; for humiliation and embarrassment damages; damages for a hostile work environment; attorneys' fees, costs, and for such additional damages as may be necessary to effectuate the purposes of the Tennessee Human Rights Act.

### III. THE PARTIES

3. Plaintiff is a female resident of Hamilton County, Chattanooga, Tennessee, and was employed by Defendants in Hamilton County, Chattanooga, Tennessee.

2015 FEB 25 AM 11: 23

FILED
HAMILTON COUNTY CHANCERY MASTER

4.     Defendant World of Beer is believed to be a Florida corporation. Defendant World of Beer is an assumed name of Rocky Top 1 LLC. They are referred to jointly in this Complaint as "Defendants." Defendants' principal office is located in Hamilton County, Chattanooga, Tennessee. Defendants employ individuals in Hamilton County, Chattanooga, Tennessee.

5.     Defendants' operations are sufficient to classify Defendants as "employers" within the meaning of Tenn. Code Ann. §4-21-102(g) and to subject Defendant to the provisions of the Tennessee Human Rights Act.

## IV.     FACTUAL BASES OF PLAINTIFF'S CLAIMS

6.     Plaintiff was employed by Defendants as a server and food runner from around the time it opened for business in Chattanooga in August or September of 2014 through her constructive discharge in or around February of 2015.

7.     Much of Plaintiff's job involved the performance of work in the kitchen area.

8.     The majority of the cooks and individuals working in the kitchen were male employees.

9.     The male kitchen employees (some of whom were supervisors) subjected Plaintiff to a hostile work environment on the basis of her gender.

10.     For example (the following are not exhaustive of all examples), in front of a manager, one male shift supervisor, Neil Shelley, repeatedly asked Plaintiff to give him a "hand job" in the cooler.

11.     A male cook asked Plaintiff to step outside with him to perform sexual acts upon him.

12.     World of Beer encouraged employees to drink. Front house employees were given free beer so that they could recommend beverages to customers. Back house employees were not given free beer, but were allowed to bring in their own alcohol. This escalated and worsened the rampant sexual harassment.

13.     The male kitchen employees also routinely drank in the restaurant when they were not working. While drinking off the clock, one repeatedly asked Plaintiff for her telephone number and when she refused to provide it he called her a "bit**."

14.     When the male employees/supervisors realized that Plaintiff was not interested in their sexual flirtations and innuendo they started to treat her with hostility and shame.

15.     These male employees also frequently made offensive comments not directed at Plaintiff. They talked about their sexual exploits and referred to women in derogatory terms.

16.     One such conversation involved Mr. Shelley, in the presence of the kitchen manager, talking about how he recently drugged his female date to then have sex with her when she was passed out. He indicated that this was not the first time he had done such a thing.

17.     As a result of hearing that conversation, Plaintiff contacted a police officer to ask for advice about whether she should report the conversation. The officer ended up learning the male employee's name and began an investigation.

18.     Plaintiff reported these issues, including her making the report to the police officer, to the general manager, Jeff Duport. Duport expressed dissatisfaction with Plaintiff for reporting the information to the police and asked if she wanted to formally make a sexual harassment complaint. At that time, Plaintiff declined. During that conversation, Duport remarked that other women had complained about these employees as well.

19.     After that, the hostile environment escalated. It was clear to Plaintiff that the male employees suspected she was the one who initiated the investigation.

20.     On or about December 26, 2014, a male kitchen employee named Petie came up behind Plaintiff and said, that she had been a "bit**" lately and said he was going to "fu**" her.

21.     As a result, Plaintiff decided to make a formal complaint of sexual harassment. Duport was out the night that Petie did that and the kitchen manager was on shift, so Plaintiff asked to speak with him. She reported the offensive conduct and they all notified Duport about it.

22.     When Plaintiff reported to work for her next shift, she was faced with severe hostility. The male employees were calling her names and one who witnessed her formal report of harassment, in front of the male kitchen employees, warned others to be careful talking to Plaintiff or she may accuse them of sexual harassment. Others said, "don't be a snitch bit**." Plaintiff reported all of this to the kitchen manager and asked to leave as a result, which was approved.

23. Following that, and during her next shift, Plaintiff decided to try and tape record the conduct. During the recording, Petie admitted to offensively touching and speaking about Plaintiff. Mr. Shelley said, "I think she should fu**ing die—I hope she dies in a car wreck on the way home." He also said, "I want to punch her in the fu**ing throat;" "she wants to make mother fu**ing accusations, I will punch her in the throat;" "I'm telling you this job don't mean sh*t—I will knock the bit** out."

24. As a result of having her safety threatened, Plaintiff contacted the police and made a police report, complaint #14-124923, on December 29, 2014. The officer involved notified Duport of her complaint and went on premises to investigate. The employees involved were aware of Plaintiff's complaint.

25. As a result of the police report, Plaintiff had a meeting with Duport. Duport expressed dissatisfaction with the fact that she had gone to the police and said that he would have preferred for the company to handle it internally. During the meeting, Plaintiff played the tape recording for Duport so he could hear the threats made against her and admissions of harassment. During the meeting, Duport said he was not sure what to be done because he could not fire everyone. Plaintiff said she felt they were retaliating against her and he told her "that was just part of the process." He also said he did not know how she could continue to work there after this and said he would give her a separation notice so she could get unemployment.

26. Following that, Plaintiff asked to keep her job and asked that Duport protect her.

27. Plaintiff returned to work to find that the employee who had threatened her life was being brought back to work after a short suspension. Upon her return, she was treated with intense hostility.

28. After Neil Shelley was permitted to return to work, Plaintiff was scheduled less shifts and, upon information and believe, some of the shift reduction was so that Shelley could return full time and not work with her. Plaintiff suffered monetary loss as a result.

29. Around this time and due to the unlawful activities of the Defendant, Plaintiff began to experience severe panic attacks and sought medical treatment as a result.

30.     As a result of all of this, Plaintiff was forced to resign her position with the Defendant and was constructively discharged.

## V.    PLAINTIFF'S CLAIMS

31.     Plaintiff incorporates all prior allegations by reference.

32.     Plaintiff was subjected to a sexual and gender-based hostile work environment in violation of Tenn. Code Ann. §4-21-101, *et seq.*

33.     Plaintiff was otherwise discriminated against on the basis of her gender, in violation of Tenn. Code Ann. §4-21-101, *et seq.*

34.     Plaintiff was retaliated against for complaining about, objecting to, and reporting the gender discrimination and harassment in violation of T.C.A. §4-21-101, *et. seq.*

35.     Defendants had a duty to provide Plaintiff with a reasonably safe work environment, free from unlawful discrimination, harassment, or retaliation. Defendant had knowledge of the harassers, their behavior, and their lack of fitness for the job. Defendants breached that duty when they continued to employee individuals and supervisors who discriminated against Plaintiff on the basis or her gender, retaliated against her, and placed her personal safety at risk and when they failed to adequately train such employees and supervisors. Indeed, Defendants were aware of the threats made against her and continued to employ the individual making the threats, to Plaintiff's detriment. As a result, Defendants were guilty of negligent retention and supervision and Plaintiff was injured as a result.

## VI.    DAMAGES

36.     As a result the above, Plaintiff has suffered both financially, emotionally, and physically. In particular, Plaintiff lost and will continue to lose salary, opportunities and advancement, and various employee benefits that she would have earned had she not been subjected to the unlawful activities of the Defendants and their agents. In addition to the actual and financial loss Plaintiff has sustained, she has suffered great mental anguish resulting from the embarrassment and humiliation that she experienced because of Defendants' actions, physical harm, and attorney's fees and expenses.

62331

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a.  That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b.  That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of Defendants' unlawful actions;

c.  That the Court issue an injunction requiring Defendants to reinstate Plaintiff to her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for their unlawful activities, and without harassment or illegal conditions imposed on her job or unsafe working conditions, or, in the alternative, front pay and benefits in lieu of reinstatement.

d.  That Plaintiff be awarded additional compensatory damages, including damages for humiliation and embarrassment, pain and suffering and emotional distress, as are allowed pursuant to the provisions of T.C.A. §4-21-101, et seq.;

e.  That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper pursuant to T.C.A. §4-21-101, et seq.; and

f.  Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

By: _____
Donna J. Mikel, #020777
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com

62331

6

IN THE CHANCERY COURT OF TENNESSEE
AT HAMILTON COUNTY

SARAH PRINCE,

    Plaintiff

vs.

WORLD OF BEER and ROCKY
TOP 1 LLC,

    Defendants.

NO. 15-0100

**JURY DEMAND**

---

## COST BOND

---

    The undersigned hereby binds itself for all costs incurred in this matter which may be assessed against the Plaintiff, if Plaintiff shall not pay the same.

BURNETTE, DOBSON & PINCHAK

By:_____
Donna J. Mikell #020777
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com

# IN THE CHANCERY COURT FOR HAMILTON COUNTY

**SARA PRINCE,**
    PLAINTIFF

vs.                                                    DOCKET NO. 15-0100
                                                       PART I

**WORLD OF BEER and
ROCKY TOP 1, LLC.,**
    DEFENDANT.

## SECOND
## SUMMONS

TO DEFENDANT:    World of Beer
                 Serve Manager on Duty
                 412 Market Street
                 Chattanooga, TN 37402

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this **2** day of **April**                              , 20**15**.

                              ROBIN L. MILLER, CLERK & MASTER

                    By: _____
                              DEPUTY CLERK & MASTER

**PLAINTIFF'S ATTORNEYS:**

Donna J. Mikel, Esq.
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a

SARAH PRINCE,  
      **Plaintiff**

vs.

**WORLD OF BEER and ROCKY TOP 1 LLC,**  
      **Defendants.**

NO. 15-0100

**JURY DEMAND**

## COMPLAINT

Plaintiff sues Defendants (hereinafter referred to as "Defendants") in the amount of $500,000 and shows the Court as follows:

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked by Plaintiff pursuant to T.C.A. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Act, providing for injunctive and other relief against sexual harassment and retaliation in employment and for actions in violation of Tennessee common law.

### II.    NATURE OF PROCEEDING

2.    This is a proceeding for back pay and benefits due Plaintiff; for injunctive relief requiring Defendants' reemployment of Plaintiff, free of unlawful circumstances; for compensatory damages; for humiliation and embarrassment damages; damages for a hostile work environment; attorneys' fees, costs, and for such additional damages as may be necessary to effectuate the purposes of the Tennessee Human Rights Act.

### III.    THE PARTIES

3.    Plaintiff is a female resident of Hamilton County, Chattanooga, Tennessee, and was employed by Defendants in Hamilton County, Chattanooga, Tennessee.

4. Defendant World of Beer is believed to be a Florida corporation. Defendant World of Beer is an assumed name of Rocky Top 1 LLC. They are referred to jointly in this Complaint as "Defendants." Defendants' principal office is located in Hamilton County, Chattanooga, Tennessee. Defendants employ individuals in Hamilton County, Chattanooga, Tennessee.

5. Defendants' operations are sufficient to classify Defendants as "employers" within the meaning of Tenn. Code Ann. §4-21-102(g) and to subject Defendant to the provisions of the Tennessee Human Rights Act.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIMS

6. Plaintiff was employed by Defendants as a server and food runner from around the time it opened for business in Chattanooga in August or September of 2014 through her constructive discharge in or around February of 2015.

7. Much of Plaintiff's job involved the performance of work in the kitchen area.

8. The majority of the cooks and individuals working in the kitchen were male employees.

9. The male kitchen employees (some of whom were supervisors) subjected Plaintiff to a hostile work environment on the basis of her gender.

10. For example (the following are not exhaustive of all examples), in front of a manager, one male shift supervisor, Neil Shelley, repeatedly asked Plaintiff to give him a "hand job" in the cooler.

11. A male cook asked Plaintiff to step outside with him to perform sexual acts upon him.

12. World of Beer encouraged employees to drink. Front house employees were given free beer so that they could recommend beverages to customers. Back house employees were not given free beer, but were allowed to bring in their own alcohol. This escalated and worsened the rampant sexual harassment.

13. The male kitchen employees also routinely drank in the restaurant when they were not working. While drinking off the clock, one repeatedly asked Plaintiff for her telephone number and when she refused to provide it he called her a "bit**."

62331

2

14.     When the male employees/supervisors realized that Plaintiff was not interested in their sexual flirtations and innuendo they started to treat her with hostility and shame.

15.     These male employees also frequently made offensive comments not directed at Plaintiff. They talked about their sexual exploits and referred to women in derogatory terms.

16.     One such conversation involved Mr. Shelley, in the presence of the kitchen manager, talking about how he recently drugged his female date to then have sex with her when she was passed out. He indicated that this was not the first time he had done such a thing.

17.     As a result of hearing that conversation, Plaintiff contacted a police officer to ask for advice about whether she should report the conversation. The officer ended up learning the male employee's name and began an investigation.

18.     Plaintiff reported these issues, including her making the report to the police officer, to the general manager, Jeff Duport. Duport expressed dissatisfaction with Plaintiff for reporting the information to the police and asked if she wanted to formally make a sexual harassment complaint. At that time, Plaintiff declined. During that conversation, Duport remarked that other women had complained about these employees as well.

19.     After that, the hostile environment escalated. It was clear to Plaintiff that the male employees suspected she was the one who initiated the investigation.

20.     On or about December 26, 2014, a male kitchen employee named Petie came up behind Plaintiff and said, that she had been a "bit**" lately and said he was going to "fu**" her.

21.     As a result, Plaintiff decided to make a formal complaint of sexual harassment. Duport was out the night that Petie did that and the kitchen manager was on shift, so Plaintiff asked to speak with him. She reported the offensive conduct and they all notified Duport about it.

22.     When Plaintiff reported to work for her next shift, she was faced with severe hostility. The male employees were calling her names and one who witnessed her formal report of harassment, in front of the male kitchen employees, warned others to be careful talking to Plaintiff or she may accuse them of sexual harassment. Others said, "don't be a snitch bit**." Plaintiff reported all of this to the kitchen manager and asked to leave as a result, which was approved.

23. Following that, and during her next shift, Plaintiff decided to try and tape record the conduct. During the recording, Petie admitted to offensively touching and speaking about Plaintiff. Mr. Shelley said, "I think she should fu\*\*ing die—I hope she dies in a car wreck on the way home." He also said, "I want to punch her in the fu\*\*ing throat;" "she wants to make mother fu\*\*ing accusations, I will punch her in the throat;" "I'm telling you this job don't mean sh\*t—I will knock the bit\*\* out."

24. As a result of having her safety threatened, Plaintiff contacted the police and made a police report, complaint #14-124923, on December 29, 2014. The officer involved notified Duport of her complaint and went on premises to investigate. The employees involved were aware of Plaintiff's complaint.

25. As a result of the police report, Plaintiff had a meeting with Duport. Duport expressed dissatisfaction with the fact that she had gone to the police and said that he would have preferred for the company to handle it internally. During the meeting, Plaintiff played the tape recording for Duport so he could hear the threats made against her and admissions of harassment. During the meeting, Duport said he was not sure what to be done because he could not fire everyone. Plaintiff said she felt they were retaliating against her and he told her "that was just part of the process." He also said he did not know how she could continue to work there after this and said he would give her a separation notice so she could get unemployment.

26. Following that, Plaintiff asked to keep her job and asked that Duport protect her.

27. Plaintiff returned to work to find that the employee who had threatened her life was being brought back to work after a short suspension. Upon her return, she was treated with intense hostility.

28. After Neil Shelley was permitted to return to work, Plaintiff was scheduled less shifts and, upon information and believe, some of the shift reduction was so that Shelley could return full time and not work with her. Plaintiff suffered monetary loss as a result.

29. Around this time and due to the unlawful activities of the Defendant, Plaintiff began to experience severe panic attacks and sought medical treatment as a result.

30.     As a result of all of this, Plaintiff was forced to resign her position with the Defendant and was constructively discharged.

## V.     PLAINTIFF'S CLAIMS

31.     Plaintiff incorporates all prior allegations by reference.

32.     Plaintiff was subjected to a sexual and gender-based hostile work environment in violation of Tenn. Code Ann. §4-21-101, *et seq.*

33.     Plaintiff was otherwise discriminated against on the basis of her gender, in violation of Tenn. Code Ann. §4-21-101, *et seq.*

34.     Plaintiff was retaliated against for complaining about, objecting to, and reporting the gender discrimination and harassment in violation of T.C.A. §4-21-101, *et. seq.*

35.     Defendants had a duty to provide Plaintiff with a reasonably safe work environment, free from unlawful discrimination, harassment, or retaliation. Defendant had knowledge of the harassers, their behavior, and their lack of fitness for the job. Defendants breached that duty when they continued to employee individuals and supervisors who discriminated against Plaintiff on the basis or her gender, retaliated against her, and placed her personal safety at risk and when they failed to adequately train such employees and supervisors. Indeed, Defendants were aware of the threats made against her and continued to employ the individual making the threats, to Plaintiff's detriment. As a result, Defendants were guilty of negligent retention and supervision and Plaintiff was injured as a result.

## VI.     DAMAGES

36.     As a result the above, Plaintiff has suffered both financially, emotionally, and physically. In particular, Plaintiff lost and will continue to lose salary, opportunities and advancement, and various employee benefits that she would have earned had she not been subjected to the unlawful activities of the Defendants and their agents. In addition to the actual and financial loss Plaintiff has sustained, she has suffered great mental anguish resulting from the embarrassment and humiliation that she experienced because of Defendants' actions, physical harm, and attorney's fees and expenses.

62331

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a.  That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b.  That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of Defendants' unlawful actions;

c.  That the Court issue an injunction requiring Defendants to reinstate Plaintiff to her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for their unlawful activities, and without harassment or illegal conditions imposed on her job or unsafe working conditions, or, in the alternative, front pay and benefits in lieu of reinstatement.

d.  That Plaintiff be awarded additional compensatory damages, including damages for humiliation and embarrassment, pain and suffering and emotional distress, as are allowed pursuant to the provisions of T.C.A. §4-21-101, et seq.;

e.  That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper pursuant to T.C.A. §4-21-101, et seq.; and

f.  Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

By: _____
    Donna J. Mikel, #020777
    Attorneys for Plaintiff
    711 Cherry Street
    Chattanooga, TN  37402
    Phone: (423) 266-2121
    Fax: (423) 266-3324
    Email: dmikel@bdplawfirm.com

62331

6

## IN THE CHANCERY COURT OF TENNESSEE
## AT HAMILTON COUNTY

SARAH PRINCE,        :

       **Plaintiff**      :

       :

**vs.**        :

       :

**WORLD OF BEER and ROCKY**    :

**TOP 1 LLC,**        :

       :

       **Defendants.**      :

**NO.** 15-0100

**JURY DEMAND**

---

## COST BOND

---

The undersigned hereby binds itself for all costs incurred in this matter which may be assessed against the Plaintiff, if Plaintiff shall not pay the same.

BURNETTE, DOBSON & PINCHAK

By:_____

Donna J. Mikel, #020777
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com